MODERN FARM SYSTEMS,
INC., Respondent,

v.

John H. FERGUSON, Appellant.

No. KCD 30415.

Missouri Court of Appeals,
Western District.

Dec. 3, 1979.

C. Michael Fitzgerald, Fitzgerald & Fitzgerald, Warrensburg, for appellant.

L. Stanley Braton, Warrensburg, for respondent.

Before WASSERSTROM, C. J., Presiding, and WELBORN and BARNES, Special Judges.

ROBERT R. WELBORN, Special Judge.

Suit on promissory note. Trial court gave judgment for payee for amount sued for. Maker of note appeals.

Appellant John H. Ferguson was the operator of a farm supply business in Kingsville, Missouri. He acted as a distributor of crop dryers and grain bins manufactured by respondent Modern Farm Systems, Inc., of Webster, Iowa. Near the end of 1974, Ferguson owed Modern some $19,000 plus on an open account for goods furnished Ferguson by Modern. Modern requested its salesman, Bragg Brown, to settle some disputes with Ferguson over items on the account and to get a note from Ferguson for the amount owed. After two or three months' discussion with Ferguson, Brown obtained an eight-month note from Ferguson payable to Modern for $18,545.52, representing the amount shown on the account less credits of some $1,000 to which Brown agreed.

On April 27, 1976, Modern filed suit on the note, claiming that $12,163.69 was then due and unpaid on the note. Ferguson's answer alleged payment of all sums due Modern under the note and agreement between him and Modern.

At the trial, the execution of the note was admitted and defendant accepted plaintiff's record of the payments on the note.

However, testifying in his own behalf, Ferguson stated that there were credits which he claimed had not properly been attributed to his account on the note. One of the items was for $691 charged for a stir-way. In this court, respondent has acknowledged that appellant is entitled to credit for this item and has consented to modification of the judgment accordingly. Ferguson also stated that on a shipment of bins which had been loaded on his truck by

Modern employees in Iowa, the truck was overloaded and overturned, damaging the floors for three of the bins. When counsel for Modern objected to testimony regarding the amount of loss as irrelevant, the trial court sustained the objection and stated:

"Is there going to be some testimony, Miss Young, in regard to these damaged items that there was some agreement that he was to receive credit for them in some fashion? If there is not, why that, of course, is a subject for claim by this defendant against the plaintiff rather than—As I understand his answer, is that he paid the Note either by cash or by credit, and unless—unless there is some evidence that he's got an agreement in regard to having credit, why that's a subject of another proceeding, or counterclaim in this proceeding. It's not pleaded as I understand."

When counsel then asked Ferguson whether or not at the time the note was executed there was an agreement that "these amounts would be adjusted," he replied:

"Uh, the only—the only, uh, agreement that I had on that was with Bragg. And he said he would help me move some of that stuff. And then, on that stir-way, he said he would get it fixed, and there wasn't nothing done about it."

Ferguson later stated that some items for which he had been billed $378.30 on a December 21, 1973 invoice had never been received.

On cross-examination, counsel for plaintiff inquired briefly about the alleged truck accident, generally eliciting that Ferguson's knowledge of that incident was based upon what his driver had told him.

At the conclusion of the trial, the court announced its finding in favor of plaintiff. Ferguson objected that he was not being allowed credit which plaintiff had agreed to give him. The court stated that the credits pre-existed the note and should have been taken care of when the note was signed. " * * * The only questions that are raised in this lawsuit are how much is due

and owing on this Note, and whether or not you have paid it. And from what I've heard you say, you haven't paid it. What you are saying is that you are entitled to some credit for it, but you haven't pleaded for any credits.

"What you have said in your pleadings is that it's been paid, and I haven't heard anything that says it is paid, so I don't have any choice but to go ahead and enter judgment on the—on the Note."

Judgment for plaintiff for $12,132.05, plus interest of $2,260.20, was entered May 15, 1978.

On May 30, 1978, new counsel entered his appearance for Ferguson and filed a motion to amend Ferguson's answer to assert that defendant was never told that the promissory note would be in full and final settlement of all prior disputed items. He also sought to allege that Brown as agent for plaintiff had agreed to aid defendant in selling certain damaged items and had agreed that if they could not be sold without loss, additional credits would be allowed against the note; that the items were sold at a loss of $1,778.95. He also sought to amend regarding the stir-way. He also asked leave to assert a counterclaim for damages of $5,000 to Ferguson's truck as a result of negligence on the part of Modern's employees in overloading the truck. A motion for new trial on behalf of defendant was also filed.

All of defendant's after-trial motions were overruled and he appeals.

Appellant's first contention is that the trial court erred in refusing, upon the motion for a new trial, to open the judgment, take additional testimony, and enter a new judgment, such refusal amounting to an abuse of discretion because material evidence which might have affected the merits of the action was excluded as beyond the scope of the pleadings, although request to amend the answer was made by after-trial motion.

Basically, the contention is that appellant's original counsel who filed an answer on behalf of appellant and withdrew before trial and trial counsel who did not undertake to amend the answer and who failed to make offers of proof when objection to Ferguson's testimony was sustained ineptly presented his defenses of failure of performance or lack of consideration and also failed to assert possible set-offs which Ferguson had against respondent's claim. Appellant relies upon Rule 78.01 as authority for the trial court to grant the relief which he sought in order to avoid a result which, according to appellant, " * * * was possibly unjust and probably the result of ineptness on the part of defense counsel during both the pleading and trial stage of this case."

Appellant acknowledges that his request was addressed to the trial court's discretion.

■ "Civil Rule 78.01, V.A.M.R. vests trial courts with discretion to open the judgment in a court-tried case, take additional testimony, amend findings of fact or make new findings, and direct entry of a new judgment. Such action, however, is not favored and rests largely in the sound discretion of the trial Court. Absent a clear abuse of that discretion, the reviewing court will not interfere. *Desloge v. County of St. Louis*, 431 S.W.2d 126, 135 (Mo.1968)." *Miller Land Company v. Liberty Township*, 510 S.W.2d 473, 476[6] (Mo.1974).

■ No abuse of discretion has been demonstrated in this case. The court heard Ferguson's vague claims for credit. None was specific except in the case of the stir-way and respondent has agreed that credit may be allowed for that item. Ferguson's testimony about credit on the items damaged on the truck is quoted above. Obviously it showed no agreement that he was to receive credit as a result of the incident. On the "vertical main units" which he said were not received, he acknowledged on cross-examination that he was relying upon what his wife had "written down here." "I'm not familiar * * * with the order or anything." Ferguson acknowledged that adjustments were made in his account before he signed the note and that the items mentioned by him all arose prior to the note's execution and were known to him at that time.

■ Without regard for possible problems under the parol evidence rule, there has been no demonstration that, had the trial court acceded to appellant's request and permitted the amendment of his answer as requested, a different result in the outcome of the case would have been likely. Without a showing that evidence sought to be adduced upon a reopening of the cause "would substantially affect the merits of the action and perhaps alter the court's decision" (*Pride v. Lamberg*, 366 S.W.2d 441, 445[3, 4] (Mo.1963)), no abuse of discretion is to be attributed to the trial court in refusing to reopen the case.

Certainly the trial court did not abuse its discretion in refusing to reopen the case to permit appellant to assert a counterclaim for damage to his truck based upon negligence. That would have injected a wholly new issue in the case, with no bearing upon the merits of respondent's claim on the note.

■ Appellant's second point relates in part to the stir-way and need not be considered. He also complains that the trial court excluded evidence of an "express agreement" between Bragg Brown and appellant on the grounds that testimony in that regard was beyond the scope of the pleadings, but that the court thereafter permitted cross-examination of defendant on such "express agreement" and, therefore, the matter was tried by consent so that the pleadings should have been considered amended to encompass the issue.

Appellant's brief is not enlightening as to the subject of the "express agreement." Appellant's counsel did cross-examine Brown about an agreement to help Ferguson "move" inventory. Objection was sustained to the question as to whether or not Brown used this as an "inducement." Ferguson's direct testimony on the matter has been quoted previously. There was no cross-examination directed to it.

There was no trial "by consent" on the issue of an "express agreement." Had there been, it would have been incumbent upon appellant, if he wished the trial court to consider evidence previously excluded on the grounds that the matter was beyond the pleadings, to call to the trial court's attention the evidence previously excluded and later considered admissible. No such effort was made here and no error on the part of the trial court appears.

■ Appellant's final complaint is that the trial court erroneously applied the law of account stated in ruling the case by refusing to consider evidence of an express agreement which, if it existed, would prevent an account stated from arising. In advancing this claim appellant relies upon statements of the court after it announced its intended judgment and Ferguson renewed his claim for credits. The court explained that the suit was on the note and that the only defense asserted was that the note had been paid, not that appellant was entitled to credit by reason of collateral agreements. The court also noted that there had been no pleading of failure of consideration as a defense. Clearly the court considered the action as one on a note and applied the law relevant to such a claim under the pleadings in the case before the court. Argument that the court applied the law of account stated finds no support in the record. Appellant's further objection that the court allowed recovery on a non-pleaded theory of account stated is without merit.

In view of respondent's acknowledgment that Ferguson is entitled to $691 credit on account of the stir-way, the cause will be remanded to the trial court for entry of a new judgment, allowing appellant credit for that amount plus interest thereon included in the judgment heretofore entered.

Reversed and remanded for entry of modified judgment.

All concur.